NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 1, 2021[*]
Decided November 5, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 21-1363

| | |
|---|---|
| YANANTA LUSA,[**] | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of |
| | Indiana, Indianapolis Division. |
| *v.* | No. 1:19-cv-03928-RLY-DML |
| INDIANA DEPARTMENT OF CHILD | Richard L. Young, |
| SERVICES, *et al.*, | *Judge*. |
| *Defendants-Appellees*. | |

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

[**] The plaintiff-appellant has used several variations of his name in this litigation. We have captioned the case in accordance with the way he signed his brief on appeal.

**O R D E R**

Yananta Lusa surrendered to law enforcement in Indianapolis after an officer attested in a probable-cause affidavit that he had attacked his daughter's mother. Lusa alleges that as a result he was unlawfully detained for several hours, blocked from contacting his daughter, and prosecuted for battery. He has sued the officer, the prosecutor, and others alleging that they violated his civil rights. *See* 42 U.S.C. § 1983. Because probable cause supported his detention and absolute immunity shields the prosecutor, the district court rightly dismissed his suit, and we affirm.

We recount the facts that are relevant to the arguments Lusa presses on appeal and in the light most favorable to him. *See Cheli v. Taylorville Cmty. Sch. Dist.*, 986 F.3d 1035, 1038 (7th Cir. 2021). In December 2017 the mother of Lusa's young daughter reported that Lusa had beaten her. Believing that he then faced a warrant for his arrest, in January 2018 Lusa traveled from Tennessee to Indianapolis to surrender to the local authorities. They detained him for a few hours before releasing him to face battery charges. Several days later while in court, Lusa asked to see the arrest warrant; he was shown an affidavit in which, he concedes, an officer swore out probable cause to arrest him for battery. Lusa says that the judge then "deceive[d]" him into signing an order barring him from seeing his daughter, who entered foster care for a few months. The prosecutor later dropped the battery charge, the no-contact order was vacated, and Lusa gained custody of his daughter.

Lusa sued the officer, the prosecutor, the judge, and others, contending that his detention, prosecution, and separation from his daughter violated his and his daughter's federal and state rights. He sued in the Middle District of Tennessee, but that court transferred the case to the Southern District of Indiana, where the judge granted the defendants' motions to dismiss. Among other defects, the judge explained that Lusa's complaint did not state valid claims. Lusa's claim that his detention violated his Fourth Amendment rights failed because he affirmatively alleged that the officer submitted an affidavit establishing probable cause. Also, Lusa never added his daughter as a plaintiff; therefore, he had no standing to assert that her placement in foster care violated her rights. The judge also determined that the prosecutor was entitled to absolute immunity. (Immunity shielded the judge too, but Lusa dropped that claim.) Finally, Lusa had not alleged that any defendant acted with malice, so his malicious-prosecution claims under state law failed.

On appeal Lusa contests the district judge's reasoning that the officer's affidavit of probable cause defeats his Fourth Amendment claim for unlawful detention. He argues for the first time on appeal that the affidavit was insufficient to justify his detention because it referred to the attacker only as the "father" of the victim's child. Lusa points out that the victim also had a child with another man. Thus, he insists that the affidavit did not necessarily implicate him.

Even if we consider this new contention, it does not undermine the judge's ruling. Probable cause is present when under all of the circumstances, a reasonable officer could conclude that the suspect committed an offense. *See Muhammad v. Pearson*, 900 F.3d 898, 908 (7th Cir. 2018). Because the affidavit identified the "father" of the victim's child as the attacker and Lusa is the father of one of the victim's children, his detention for a few hours following his surrender was objectively reasonable. "Probable" does not mean "definite." "[W]hen the police have probable cause to arrest one party, and when they reasonably mistake a second party for the first party, then the arrest of the second party is a valid arrest." *Hill v. California*, 401 U.S. 797, 802 (1971) (quotation marks omitted). The presence of probable cause bars any § 1983 claim for unlawful detention under the Fourth Amendment. *See Muhammad*, 900 F.3d at 907. Because Lusa does not argue that the affidavit falls short of probable cause in any other way, the district court rightly dismissed the claim.

Lusa also contends that he stated a claim for malicious prosecution. He argues that the prosecutor pressed charges and pressured him to agree to a plea deal despite knowing that he did not commit a battery. But the prosecutor is absolutely immune from suit because her decisions to charge and negotiate a plea agreement fall within her immunized prosecutorial duties. *See Jones v. Cummings*, 998 F.3d 782, 787–88 (7th Cir. 2021).

We quickly dispatch a few final arguments. First, Lusa contests the Middle District of Tennessee's decision to transfer the case to the Southern District of Indiana. But we cannot review the venue decision because Lusa did not move in the Indiana district court to retransfer the case. *See Alexander v. Erie Ins. Exch.*, 982 F.2d 1153, 1156–57 (7th Cir. 1993). Next, Lusa argues that the court never assured itself of its jurisdiction over the case. But he brought federal claims under § 1983, thus subject-matter jurisdiction was secure. *See* 28 U.S.C. § 1331. Finally, Lusa continues to press claims on behalf of his daughter, but he never moved to add her as a plaintiff. He cannot argue that the district judge erred by not considering claims on behalf of a never-added party.

We have considered Lusa's remaining arguments, and none has merit.

AFFIRMED